BUSH, Mayor, and others, Plaintiffs in error, vs. THE STATE
    EX REL. BOYLE, Defendant in error.

*September 20 — October 11, 1898.*

*Municipal corporations: Elections: Statute construed.*

Under sec. 1, ch. 70, Laws of 1897,— providing that in cities of the fourth
    class certain officers shall be elective if a petition asking therefor
    be filed fifteen days prior to any regular election, "signed by a ma-
    jority of the electors of such city who voted at the last general
    election then next preceding, *as appears from the poll list*,"— such
    petition must be signed by a majority of the persons whose names
    appear upon the poll list of electors who voted at the last preceding
    general election.

ERROR to review a judgment of the superior court of Mil-
waukee county: GEO. E. SUTHERLAND, Judge.  *Reversed.*

This was a proceeding by *mandamus*, sued out of the su-
perior court of Milwaukee county, directed to the plaintiffs
in error, as mayor, members of the common council, and city
clerk of the city of South Milwaukee, requiring them to pro-
ceed and give notice of, call for, and order, the election at
the then next succeeding regular municipal election of said
city, to be held April 5, 1898, of the following named offi-
cers, to wit, city attorney, city physician, chief of police, and
street commissioner.  The relation and writ alleged, among
other things, that the city of South Milwaukee was a mu-
nicipal corporation and a city of the fourth class, organized
under the general city charter law of the state (Laws of 1889,
ch. 326, and amendments thereto), and received its patent as
such city July 6, 1897; that it was the legal successor of the
late village of South Milwaukee, and no general election had
been held in said city since its incorporation; that on the
16th of March, 1898, fifteen days or more next prior to the
next regular municipal election to be held in said city, April
5, 1898, a petition was filed in the city clerk's office, and laid
before the common council, signed by a majority of the elect-

ors of the city who voted at the last general election so held in said village, " as appears from the poll list," asking that said five offices of city clerk, etc., be made elective, and that the officers therefor be elected at such municipal election to be held April 5th, and asking the common council and proper officers to proceed and give notice of, call for, and order the election of such officers at such election; that said petitioners were 353 in number, and constituted more than a majority of the electors of the city who voted at the last general election then next preceding, " as appears from the poll list," and that they remained such electors; that, notwithstanding the presentation of such petition, the common council wholly ignored the petition and its subject matter, and gave out that it would continue so to do, and that it would not regard such petition.

The respondents moved to quash the alternative writ, on the ground that it was prematurely issued, and because it did not state facts sufficient to entitle the relator to the relief sought.    This motion was overruled.

The writ was sued out under sec. 1, ch. 70, Laws of 1897, providing that, " in cities of the fourth class, the city clerk, and any and all other officers, in addition to those hereinbefore specified, may be elected by the qualified electors, at the same time and in the same manner other officers are elected, upon a petition asking therefor being filed in the office of the city clerk fifteen days prior to any regular election, signed by a majority of the electors of such city who voted at the last general election then next preceding, *as appears from the poll list.*"    The statute further provided that, upon like petition signed by a majority of the electors asking therefor, any common council " may provide for the appointment by the mayor, with the concurrence of the common council, of any officers of such city excepting the offices of mayor, alderman, assessor, treasurer, supervisor or justice of the peace."

The respondents, in their return to the alternative writ, alleged that said petition to the common council was referred to the committee on elections to examine, compare, verify, and report at the next regular meeting of the common council whether said petition had been signed by a majority of the electors of said city who voted at the last general election then next preceding, as appeared from the poll list; that at an adjourned meeting of the council, held for the purpose of receiving the report of the committee on elections, to whom said petition had been referred, said committee reported upon said petition, among other things, that it required 304 signatures to said petition to constitute a majority of the electors who voted at the last general election, and that there were but 246 names signed to the said petition of electors, as appeared from the poll list, and that the petition lacked fifty-eight names of the number requisite to constitute a majority; that the common council thereupon found and determined that said petition had not been signed by a majority of the electors of such city who voted at the last general election then next preceding, as appeared from the poll list, and further determined that said petition had not been signed by a majority of the electors of said city; and that thereupon they passed a resolution denying the prayer of the petition.

The relator demurred to the return, and the demurrer was sustained. Thereupon the respondents asked leave to file an amended return, setting forth, among other things, that at the election held on the 30th of June, 1897, at which was elected the mayor, city treasurer, comptroller, assessor or assessors, aldermen, justices of the peace, and supervisors, 705 electors voted, as appeared from the poll list, and further alleging, on information and belief, that from 750 to 800 electors were entitled to vote at the next ensuing municipal election. The application to file an amended return was denied.

An order sustaining the demurrer to the return to the alternative writ of *mandamus*, and awarding judgment for a peremptory writ of *mandamus*, and for six cents damages and costs, was made and entered on the 26th day of March, 1898, and judgment was entered for $106.83, damages and costs, and for the peremptory writ prayed for in the relation, and upon which the plaintiffs in error sued out their writ of error.

For the plaintiffs in error there was a brief by *Kelly & Kelly*, and oral argument by *John T. Kelly*. They argued, among other things, that the names of a majority of the electors who voted at the last general election then next preceding, as appeared from the poll list, must appear upon the petition. This is a jurisdictional fact, and must exist before the common council could order the election. *La Londe v. Sup'rs of Barron Co.* 80 Wis. 380, 384; *State ex rel. Hawley v. Sup'rs of Polk Co.* 88 id. 355; *Smith v. Comm'rs of Renville Co.* 64 Minn. 16.

For the defendant in error there was brief by *Jared Thompson, Jr.*, and oral argument by *John Toohey*. They contended, *inter alia*, that sec. 1, ch. 70, Laws of 1897, was not intended to require, and does not require, that the name of any petitioning elector must appear upon or "from such poll list." A majority who voted at the last municipal election preceding might naturally have been replaced by other electors, and to such a number that it would be impossible to present a petition signed by a majority of the electors *whose names appear upon* the poll list for that year, and so the purpose of the statute be defeated. The principle is that the majority of the electors of to-day and not of yesterday shall have the governing voice. A dead or former elector whose name happens to appear upon the last poll list was not intended to be counted in the determination of the petitioning number, as against a live, present elector. *Loomis v. Bailey*, 45 Iowa, 400; *Stone v. Miller*, 60 id. 243; *State ex rel. Morgan*

*v. Comm'rs of Nemaha Co.* 10 Neb. 32; *State ex rel. Brad-ford v. Stock,* 38 Kan. 154.

Pinney, J.   The court erred in sustaining the demurrer of the relator to the respondents' return to the alternative writ.   The petition presented to the common council was signed by only 246 electors who voted at the last general election then next preceding, as appeared from the poll list. The whole number of names signed to the petition was 353, but 107 of these names did not appear upon the poll list of electors who voted at the last general election next preceding, so that there were fifty-eight less than a majority of legal signatures in favor of the proposition.   The statute prescribes a simple, positive, and convenient test of the question whether the proposed change has been adopted, namely, by a canvass of the names of electors on the petition, as compared with those on the poll list of the last preceding general election.   An examination of the poll list and of the petition is a decisive test, and the statute renders any other inadmissible.   Has the petition been signed by a majority of the electors of such city who voted at the last general election then next preceding, *as appears from the poll list?* . It is obvious that the proposed measure failed, and the court erred in its judgment awarding the peremptory writ of *mandamus.*

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded with directions to dismiss the alternative writ.