THE STATE EX REL. HANLON, Respondent, vs. RUSSELL,
President, and others, Appellants.

*March 16—April 5, 1905.*

*Municipal corporations: Lighting franchise: Submission to electors:*
*Petition.*

Under sec. 959—52, Stats. 1898 (providing that applications for
certain franchises shall be submitted to the electors of the city
or village if such-submission is requested by a petition "signed
by at least twenty per cent. of the electors of such city or vil-
lage, as appears by the poll list of the last general election"),
the petition must be signed by twenty per cent. of the electors.
whose names appear on such poll list.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

This is an action of *mandamus,* brought on the relation
of a taxpayer of the village of West Allis against the village
officers to compel the submission of a certain gas franchise
to the vote of the people, under sec. 959—52, Stats. 1898.
There was no material dispute as to the facts, which were,
in substance, as follows:

On the 21st of December, 1903, the West Allis Gas Com-
pany, a corporation, applied to the village board of West
Allis for a franchise to lay and operate gas mains in the
streets of the village, and submitted a copy of a proposed
ordinance granting such franchise. The application and
the proposed ordinance were published in the official news-
paper of the village, the first publication being in the paper
dated January 2, 1904, but in fact issued on the evening of
December 31, 1903; and the second publication being in the
issue dated January 9, 1904, but appearing January 8,
1904. On January 15, 1904, a petition, signed by the re-
lator and 163 other electors of the village of West Allis, was
filed with the village clerk, demanding that the proposed

ordinance be submitted to a vote of the people. The village board at their next meeting, held on January 18, 1904, refused to submit the ordinance to a vote of the people, whereupon this action was brought. It further appeared that at the general election held in November, 1902, 340 votes in all were cast in the village of West Allis, as shown by the poll list of that election; that said petition for referendum was not signed by twenty per cent. of the voters whose names appeared upon said poll list, but that said petition was signed by 164 electors, which was greatly more than twenty per cent. of the number of names upon the poll list.

Upon these facts the court made findings and entered judgment directing the issuance of a peremptory writ of *mandamus,* and the defendants appeal.

For the appellants there was a brief by *Miller, Noyes & Miller,* and oral argument by *G. H. Noyes.*

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, and oral argument by *Jackson B. Kemper.*

·WINSLOW, J.  The statute (sec. 959—52, Stats. 1898) requires that the petition for referendum shall be signed by "at least twenty per cent. of the electors of such city or village, as appears by the poll list of the last general election." It is conceded that, if this means that the petition shall be signed by twenty per cent. of the electors whose names appear on the poll list, then the petition in this case was not sufficient, but, if it means twenty per cent. of the number of electors upon the last poll list, then the petition was sufficient. This is the only question which we find it necessary to consider. Little or no aid can be obtained from authorities, although two cases in this court, arising under somewhat similar statutes, are cited, viz., *La Londe v. Barron Co.* 80 Wis. 380, 49 N. W. 960, and *Bush v. State ex rel, Boyle,* 100 Wis. 549, 76 N. W. 606. It is simply a question of

construction of the language used. Had the statute said twenty per cent. of the electors appearing by the poll list, we suppose there would be little or no contention as to the meaning. All would construe it as meaning twenty per cent. of the very electors appearing on that list. The words used are "twenty per cent. of the electors . . . as appears by the poll list." We think this must be construed in the same way. The legislative idea evidently was to provide a definite and certain means of ascertaining whether the required number of petitioners had signed. By providing that the petition should be signed by twenty per cent. of the persons whose names appeared on the poll list all difficulty was removed. Inspection of the petition, inspection of the poll list, and enumeration of the names common to both, settled the question. This seems a very reasonable method, and it is a method frequently adopted. The presumption is that there will be little change in the body of the electorate between two general elections.

*By the Court.*—Judgment reversed, and action remanded with directions to deny the writ and dismiss the action.